# THE LAW OFFICE OF EDWARD HANRATTY

**Edward Hanratty, Esq.**                                     **80 Court Street**
  Admitted in NJ,PA,WV                                           Freehold, NJ 07728
                                                                 Tel:732-866-6655
**www.centralnewjerseybankruptcylawyer.com**                     Fax: 732-734-0651


July 30, 2020

Hon. Michael B. Kaplan, U.S.B.J.
United States Bankruptcy Court
Hon. Clarkson S. Fisher, Sr. Federal Building
402 East State Street
Trenton, NJ 08608
*Via: ECF*

> *Re: James & Suzanne Craig*
> *Case No. 14-15626-MBK*
> *Creditors Cross Motion for Attorney's Fees and Sanctions*

Your Honor,

Please accept this letter in lieu of a more formal brief in support of debtor's objection to the *Creditors Cross Motion for Attorney's Fees and Sanctions*. The motion giving rise to the cross motion, has been withdrawn.

It is the debtors understanding that it is this courts policy to not consider last file response or reply papers. LBR 9013-2 requires the filing of response and cross motions not less than 7 days prior to the scheduled hearing. Creditors papers were filed on July 29, 2020 the hearing date is August

4,2020 which is less than 7 days prior to the hearing date. Debtor asks that the creditors application be disregarded as not in compliance with the rules.

The facts underlying the present situation are fairly straight forward. As reflected in the creditor's submission the debtor entered into a credit agreement relating to his landscaping business with the creditor in 2011. The debtor field the instant petition in 2014 with attorney A, then substituted attorney bn, and ultimately landed with present counsel. The creditor failed to list the instant creditor in his petition and a dividend was paid to general unsecured creditors.  However, since February 2020, the creditor has had actual knowledge of the pending bankruptcy case, and has taken no steps to be included. The debtor did previously file a motion to enforce the automatic stay as to this creditor, which was withdraw before disposition.

In this cross motion, the creditor asks for the imposition of sanctions against the debtor and counsel based on the court's 11 U.S.C. 105(a) powers.

Courts have used i0 as the basic for contempt citation E.g In re Deville 280, 483 (9th Cir 2002); In re Affairs with a Flair, 123 B.R. 724, 727 (Bankr. E.D. Pa. 1991). To establish contempt, the movant bears the burden of proving by clear and convincing evidence that the respondent violated a court order.

Roe v. Operation Rescue, 54 F.3d 133, 137 (3d Cir. 1995). This standard is not satisfied unless the evidence "produce[s] in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable [a court] to come to a clear conviction without hesitancy, of the truth of the precise facts." U.S. v. Askar, 222 Fed. Appx. 115, 119 (3d Cir. 2007) (quoting In re Jobes, 108 N.J. 394, 529 A.2d 434 (1987)). "Where there is any reason to doubt the wrongfulness of the respondents' conduct, a court should not find contempt." John T., 318 F.3d at 552. Willfulness is not an element of contempt, nor does evidence of good faith bar a conclusion that a defendant acted in contempt. Robin Woods, Inc. v. Woods, 28 F.3d 396, 399 (3d Cir. 1994). While good faith is not a defense to the elements of contempt, it is a factor in determining the availability of the affirmative defense of substantial compliance. Lane Labs, 624 F.3d 575 at 591 (3rd Circuit 2010). "In order to avail oneself of the defense, a party must show that it (1) has taken all reasonable steps to comply with the valid court order, and (2) has violated the order in a manner that is merely 'technical' or 'inadvertent.'" Id..

"Bad faith" is governed by a subjective standard. Martin v. Brown, 63 F.3d 1252, 1263, n.14 (3d Cir. 1995). A court may

consider whether the attorney has misrepresented facts before the court or unfairly manipulated the Bankruptcy Code. In re Johnson, 708 F.2d 865, 868 (2d Cir. 1983). The Third Circuit has noted that "what would be indicative of bad faith . . . would be some indication of an intentional advancement of a baseless contention that is made for an ulterior purpose, *e.g.*, harassment or delay." Baker v. Cerberus, 764 F.2d 204, 223 (3d. Cir. 1985); *see also,* Keller v. Mobil Corp., 55 F.3d 94, 99 (2d Cir. 1995) (for sanctions to apply, an attorney's conduct must be "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." (internal quotation marks omitted)). Negligence does not trigger willful bad faith. Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll. of Pa., 103 F.3d 294, 298 (3d Cir. 1996).

In the present case the creditor assert that the debtor and counsel were acting in a vexatious manner designed to delay and impede the collection of the instant debt.  At present, other than not paying the debt, the debtor's only actions have been to appeal to this tribunal for a determination of its rights. Creditors does not point to any factual misrepresentations, evasions or multiple filings designed to impeded this proceeding.  The creditor mainly takes issue with the debtor

attempting to discharge a debtor based on a prepetition agreement under which the debtor accepted post-petition credit.

    In the instant matter, the creditor has not asserted sufficient facts to establish by a clear and convincing standard that there was behavior on the part of the debtor or counsel such that sanctions should be imposed.

    Very yours truly,

**/s/ Edward Hanratty**
EDWARD HANRATTY, ESQ.
For the firm