# THE LAW OFFICE OF EDWARD HANRATTY

**Edward Hanratty, Esq.**  **80 Court Street**
 Admitted in NJ,PA,WV  Freehold, NJ 07728
 Tel:732-866-6655
www.centralnewjerseybankruptcylawyer.com  Fax: 732-734-0651

March 11, 2021

Hon. Michael B. Kaplan, U.S.B.J.
United States Bankruptcy Court
Clarkson S. Fisher, Sr. Federal Building
402 East State Street
Trenton, NJ 08608
*Via: Electronic Court Filing*

> *Re: James & Suzanne Craig*
> *Case No. 14-15626-MBK*
> **Debtors Reply to Creditors Opposition to Motion to Reopen Case**

Your Honor,

The first issue to be addressed is whether the adversary has standing to oppose the reopening of the case. Chief Judge Wizmur addressed this issue in In re Phillips, (09-28759 JHW Bnkr. D.NJ.), stating in regard to motions to reopen:

> "Under both constitutional standing principles and the statutory provisions governing standing under the Bankruptcy Code, the better view is that the defendant is not subject to an injury in fact based upon the reopening of the bankruptcy estate, nor does it hold a "legally protected interest" that the debtor seeks to affect through the course of the bankruptcy, and is thus not a party in interest. "`[T]he mere act of reopening a closed bankruptcy . . . is a purely ministerial act with no legal significance for the underlying bankruptcy,' let alone for an independent tort action." In re Kreutzer, 249 Fed. Appx. at 729 (quoting In re Quarles, No. 06-CV-0137-CVE-SAJ, 2007 WL 171913, *5 (N.D.Okla. Jan.18, 2007))" .

Here, the purpose of reopening the bankruptcy case is to enforce the debtor's discharge rights against this creditor/defendant. As stated above, the reopening of a bankruptcy case is ministerial, not adversarial. It does not affect any rights of the creditor/defendant. It simply seeks to establish if payments were properly credited during the plan term.

Courts have set forth the standard under which a bankruptcy court should exercise its discretion to reopen a case or not.

In In re Koch, 229 B.R. 78 (Bankr. E.D.N.Y. 1999), the court identified three factors that should be examined: "the benefit to the debtor, the prejudice to the affected entity . . . and finally, the benefit to the creditors." 229 B.R. at 85-86.

In this case, the benefit to the debtor is apparent. The debtor wants to be certain that the payments made during the pendency of the plan were properly credited. That determination will also redound to the benefit of the affected creditor, because the other medium for relief for the debtor would be a lawsuit under the Truth in Lending Act, which would be more burdensome to both parties than the reopening of the bankruptcy, a simple 2004 exam of a representative of the creditor, and the establishment of the account status. There would be no foreseeable benefit to any other creditor. The debtor is trying to take the quickest, simplest path to having his questions answered without claiming damages. The simplest path is to reopen the matter, allow the debtor sixty (60) days to take discovery from the creditor, and at the end of that time, facts will be established that either answer the questions of the debtor or indicate a problem that can be resolved by an account adjustment. All the debtor wants is confirmation that payments have been properly applied.

Respectfully submitted,

**/s/ Edward Hanratty**
EDWARD HANRATTY, ESQ.